# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10390
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 31, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MELVIN QUALLS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-293-8

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Melvin Qualls appeals his 151-month prison sentence arising from his guilty-plea conviction for conspiring to possess with the intent to distribute heroin. Specifically, Qualls challenges the district court's enhancement of his sentence under U.S.S.G. § 4B1.1, the career offender guideline. He argues that one of his two predicate felony offenses is a juvenile conviction, and the enhancement rendered his sentence substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10390

For the first time on appeal, Qualls contends that his January 1991 first-degree murder offense, which he committed when he was 16 years old, did not result in an adult conviction and thus could not serve as a predicate offense for purposes of § 4B1.1. *See* U.S.S.G. § 4B1.2 cmt. n.1 (requiring a predicate offense to result in an adult conviction). However, the relevant state court documents, the presentence report, and Qualls own statements in the district court that he was "certified as an adult" demonstrate that the offense resulted in an adult conviction. *See id.* (stating that an offense is an adult conviction if it is so classified "under the laws of the jurisdiction in which the defendant was convicted"). Therefore, Qualls has failed to show that the district court plainly erred in determining that the conviction could serve as a predicate offense for the career offender enhancement. *See* § 4B1.1; *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Qualls has also failed to show that the district court abused its discretion by imposing a substantively unreasonable sentence. *See United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015). Qualls's contention that the district court gave too much weight to his two youthful and decades-old murder offenses and too little weight to his extremely disadvantaged childhood and significant rehabilitative efforts is insufficient to rebut the presumption of reasonableness applicable to his within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

In light of the foregoing, the judgment of the district court is AFFIRMED.